IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.   Civil Action No. 3:17-cr-00155-JAG

TEVIN A. WILLIAMS,

        Defendant.

## OPINION

This matter comes before the Court on appeal of the United States Magistrate Judge's decision denying the defendant's motion to dismiss. On May 5, 2017, the government charged defendant Tevin A. Williams with driving under the influence ("DUI") on Fort Lee. Williams moved to dismiss the charge, arguing that the federal court lacked subject matter jurisdiction to prosecute him for violating Virginia's DUI law. (Dk. No. 8.) The Magistrate Judge denied the motion. (Dk. No. 19.) Williams then pled guilty, but reserved the right to appeal the denial of his motion to dismiss.

The Court finds that the Uniform Code of Military Justice ("UCMJ") does not preempt assimilating Virginia's DUI statute into federal law. Thus, the government properly prosecuted the defendant in federal court for this offense, and the Court affirms the decision of the Magistrate Judge.

## I. BACKGROUND

The government charged Williams, a member of the United States Army, with DUI under the Assimilative Crimes Act ("ACA"). 18 U.S.C. § 13. The ACA assimilates Virginia Code § 18.2-266, the Commonwealth of Virginia's DUI statute, into federal law. Under the government's theory, since the case charged a crime under the ACA, this Court has jurisdiction

to hear the case. Williams moved to dismiss, arguing that the UCMJ preempts the ACA from assimilating Virginia Code § 18.2-266. He contended, therefore, that the government could not properly charge him in this Court.

The Magistrate Judge denied the motion to dismiss. Williams pled guilty, pursuant to a conditional plea agreement that preserved his right to appeal the jurisdictional question to this Court. He has now appealed the denial of his motion to dismiss.

## II. STANDARD OF REVIEW

A defendant may appeal a magistrate judge's decision to a district judge pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). District courts review questions of law on appeal de novo. *United States v. Masciandaro*, 648 F. Supp. 2d 779, 783 (E.D. Va. 2009) (citing *United States v. Bursey*, 416 F.3d 301, 306 (4th Cir. 2005)). Since Williams raises a purely legal question, this Court will review the Magistrate Judge's decision de novo.

## III. DISCUSSION

A Fourth Circuit case directly addresses the issue that the defendant raises in his appeal: whether the UCMJ preempts assimilating Virginia's DUI statute under the ACA. *United States v. Walker*, 552 F.2d 566 (4th Cir. 1977). *Walker* determined that the UCMJ is not a generally applicable law and thus does not preempt ACA assimilation of Virginia's statute. *Id.* at 568 n.3. Williams argues that a more recent Supreme Court case, *Lewis v. United States*, creates a new test for ACA assimilation that impliedly overrules *Walker*. 523 U.S. 155 (1998). The Court disagrees. *Walker* remains good law and applies to this case. Moreover, even if the Court

2

applied the test set forth in *Lewis*, the outcome of this appeal would not change, as the UCMJ still would not preempt ACA assimilation.

## A. *Applicable Law*

The ACA adopts state law to apply on federal enclaves for crimes that "any enactment of Congress" does not otherwise cover. 18 U.S.C. § 13(a). Congress passed the ACA in the early years of the republic to fill gaps that existed in federal criminal law at the time. *Lewis*, 523 U.S. at 160–61. The ACA also created uniformity in criminal law between a given state and the federal enclaves situated inside of that state. *United States v. Dotson*, 615 F.3d 1162, 1165 (9th Cir. 2010). The ACA assimilated into federal law Virginia Code § 18.2-266, making it a federal crime to drive under the influence on federal land in Virginia.

The UCMJ contains a broad variety of criminal prohibitions that apply only to military personnel. *United States v. Joshua*, 607 F.3d 379, 383 (4th Cir. 2010). Civilian courts do not punish violations of the UCMJ; rather, military courts-martial resolve all violations. *United States v. Mariea*, 795 F.2d 1094, 1100-01 (1st Cir. 1986). The civilian criminal code and UCMJ are "distinct bodies of criminal law[,]...enforced by different prosecutorial and court systems." *Joshua*, 607 F.3d at 383. Pertinent to this case, the UCMJ includes a punishment for driving under the influence. 10 U.S.C. § 911.

As noted above, the Fourth Circuit has already decided this very issue in a case involving military personnel driving under the influence on a military base. *Walker*, 552 F.2d at 567. In *Walker*, the defendant argued that the UCMJ's drunk driving provisions precluded charging military personnel with DUI in federal district court. *Id.* The Fourth Circuit disagreed, holding that the federal government could charge and convict active duty military personnel for DUI in federal courts, even if the UCMJ included the same or a similar offense. *Id.* at 568.

3

The ACA fills gaps in federal criminal law that apply on federal property. It incorporates state criminal law into federal law where the state offenses committed on federal land are not already covered by an "enactment of Congress." 18 U.S.C. § 13(a). *Walker* explained that the DUI provision in the UCMJ is not an "enactment of Congress" within the meaning of the ACA because it does not qualify as a generally applicable law—it only applies to military personnel. 552 F.2d at 568 n.3. Consequently, the ACA assimilated the Virginia DUI law into federal law. *Id.* at 568. The court noted that, if the UCMJ preempted application to military personnel, the Virginia DUI law would apply to civilians on military land, but not to members of the military on the same land committing the same offense. *Id.* at 568 n.3. Moreover, if the court determined that the UCMJ preempted assimilation, its holding would contradict the established doctrine that district courts have at least concurrent jurisdiction with military courts over U.S. military personnel. *Id.* Thus, the court held that the federal court properly convicted Walker under the assimilated Virginia statute. *Id.* at 568. Importantly, other circuits have followed *Walker*. *See, e.g., Mariea*, 795 F.2d at 1098; *United States v. Debevoise*, 799 F.2d 1401, 1402–03 (9th Cir. 1986).

The defendant argues that two Supreme Court cases supersede *Walker*. First, in a case involving a murder on a military base in Louisiana, the Supreme Court formalized a two-part test for assessing whether there is a gap in federal law wide enough for the ACA to assimilate a similar state law. *Lewis*, 523 U.S. at 164. The test asks:

> Is the defendant's "act or omission...made punishable by *any* enactment of Congress[?]" If the answer to this question is "no," that will normally end the matter. The ACA presumably would assimilate the statute. If the answer to the question is "yes," however, the court must ask the further question whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say, because its application would interfere with the achievement of a federal policy, because the state law would effectively rewrite an offense definition that Congress carefully considered, or because federal

statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue.

*Id.* (internal citations omitted). In creating the test, the Supreme Court declined to interpret "any enactment of Congress" literally; if it did, the ACA would be too narrow. *Id.* On the other hand, the Court acknowledged that the ACA should not assimilate state law "where there is no gap to fill" in federal law. *Id.* at 163. Under *Lewis*, the primary question asks whether Congress intended a federal law to punish particular conduct, to the exclusion of punishment under a particular state law. *Id.* at 166. Using this test, the Court found that the ACA did not assimilate Louisiana's murder statute, so the federal murder statute governed the crime. *Id.* at 171-72.

Williams also relies on a second Supreme Court case, *Torres v. Lynch*, 136 S. Ct. 1619 (2016). In *Torres*, the Court asked when a state crime counts as an aggravated felony under the Immigration and Nationality Act ("INA"), a statute that enumerates certain federal crimes as aggravated felonies. *Id.* at 1623. Specifically, the Court looked at a state crime that corresponded in every way to a federal crime that the INA defined as an aggravated felony, except for the federal jurisdictional element. *Id.* The Court held that the jurisdictional element does not affect the comparison. *Id.* *Torres* cited *Lewis*, which instructed courts to ignore jurisdictional elements and other technical considerations when determining whether "a federal and a state law are sufficiently alike that only the federal one will apply." *Id.* at 1631.

### B. *Effect of* Lewis *and* Torres *on* Walker

Despite the more recent opinions in *Lewis* and *Torres*, *Walker* governs this case. *Torres* merely restated a proposition regarding jurisdictional elements from *Lewis* to support the Court's decision on the INA, and it does not address the UCMJ at all. 136 S. Ct. at 1631. Thus, the analysis in this case turns on the effect, if any, of *Lewis* on *Walker*, and the relationship between the UCMJ and ACA. The defendant posits that because *Lewis* laid out a new two-part test,

5

rather than relying on the *Walker* general applicability test, the Supreme Court "implicitly overruled" *Walker*. (Dk. No. 31, at 1.) This argument does not succeed, however, because the cases address distinct issues.

While both *Walker* and *Lewis* concerned the meaning of "any enactment of Congress" within the ACA, the cases formulated separate analyses for interpreting those words, and their respective tests apply to different scenarios. *Lewis*, 523 U.S. at 159; *Walker*, 552 F.2d at 568. The *Walker* analysis specifically pertains to the UCMJ. *Walker* focused on Congress's intent for the ACA definition to include only "enactments of general applicability," and determined that the UCMJ does not fall within that category. 552 F.2d at 568 n.3. On the other hand, *Lewis* dealt with whether the ACA assimilated a state murder statute that would apply to a murder on a federal military base, while a federal statute, clearly of "general applicability," addressed the same crime. 523 U.S. at 158. The *Lewis* test did not concern or even mention the UCMJ, nor did it purport to overrule the *Walker* test that specifically applies to the UCMJ.

Lending further support to the notion that *Lewis* did not overrule *Walker*, courts continue to rely on *Walker*'s reasoning post-*Lewis*. A year after *Lewis*, the Ninth Circuit determined that the UCMJ was not "generally applicable," and not an "enactment of Congress for purposes of the ACA." *United States v. Clark*, 195 F.3d 446, 451 (9th Cir. 1999) ("'[A]ny enactment' refers only to enactments of general applicability." (quoting *Debevoise*, 799 F.2d at 1403, which relied on *Walker*)). The *Clark* opinion cited *Lewis* to explain the ACA's gap-filling purpose, demonstrating that the Ninth Circuit did not simply ignore *Lewis*, but found that the case did not apply. *Id.* at 449. A recent Maryland case involving a DUI on Fort Meade also cited *Walker*. *United States v. Slagle*, No. 15-mj-392, 2015 WL 4365316, at *1 (D. Md. July 13, 2015). That court observed that, under the ACA, the federal government could prosecute the defendant

pursuant to Maryland law, because "[t]here is no express enactment of Congress providing punishment for drunk driving in a federal enclave." *Id.* (quoting *Walker*, 552 F.2d at 568).

A defendant in a 2012 Eastern District of Virginia case argued that the district court lacked jurisdiction over him because the UCMJ covered his child pornography offenses. *McPeak v. United States*, No. 4:11-cv-163, 2012 WL 913637, at *4 (E.D. Va. Mar. 16, 2012). The court cited *Walker* in finding that it had jurisdiction to punish an active duty member of the military, even though a military court martial also could punish the individual for the same offense. *Id.* Other district courts continue to rely on *Walker* to overrule defendants' arguments that district courts lack jurisdiction because of the UCMJ. *E.g., Cockerham v. Willis*, No. 15-cv-382, 2016 WL 345590, at *4 (W.D. Tex. Jan. 27, 2016); *United States v. Castro*, No. 12-00018, 2013 WL 829046, at *2 (D. Guam Feb. 28, 2013).

While some cases have applied the *Lewis* test, those cases did not involve the UCMJ. *E.g., United States v. Statler*, 121 F. Supp. 2d 925, 927 (E.D. Va. 2000) (finding the ACA did not assimilate Virginia's indecent exposure statute). Importantly, the Ninth Circuit applied the *Lewis* test in *Dotson*, a case that did not involve the UCMJ, while it applied *Walker* in *Clark*, which concerned the UCMJ, highlighting the dichotomy between *Lewis* and *Walker*. *United States v. Dotson*, 615 F.3d 1162, 1166 (9th Cir. 2010); *Clark*, 195 F.3d at 451. In *Dotson*, the defendants argued that a federal statute authorizing the Secretary of Defense to regulate alcohol on military bases preempted ACA assimilation of a state statute concerning liquor sales to minors. 615 F.3d at 1166–67. The Ninth Circuit applied *Lewis*, though notably the court still considered whether the federal law contained "generally applicable" prohibitions. *Id.* at 1167. Finding it did not, the court concluded that "no enactment of Congress" precluded assimilating the state statute. *Id.* In

sum, no court has found that *Lewis* overturned *Walker*, and no court has applied the *Lewis* test in a case involving the UCMJ and the ACA.

Thus, *Walker* remains good law and applies directly to the facts of this case. The Magistrate Judge, therefore, did not err in denying the defendant's motion to dismiss under *Walker*.

### C. *Applying* Lewis

Even if the Court assumed the UCMJ was "generally applicable" under *Lewis*, the result would not change. *Lewis*'s second prong asks whether Congress intended the relevant federal statute to preempt the state law. *See Lewis*, 523 U.S. at 164–66. The answer here must be "no." Allowing the UCMJ to preempt the ACA from assimilating the Virginia DUI statute into federal law would clearly violate Congress's intent to give federal courts concurrent jurisdiction over military personnel. *Walker*, 552 F.2d at 567. Thus, even applying the *Lewis* test finds that the UCMJ does not preclude assimilating the Virginia DUI statute under the ACA.

## V. CONCLUSION

The Fourth Circuit's decision in *Walker* remains good law and applies to the facts of this case. The Magistrate Judge did not err in denying the defendant's motion to dismiss because the UCMJ does not preempt ACA assimilation of the Virginia DUI statute. The government properly prosecuted the defendant in federal court, and the Court therefore affirms the decision of the United States Magistrate Judge.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: April 24, 2018
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge